| iPETERS, Judge.
The plaintiff, Thomas R. Douglas, Jr., instituted suit against the defendant, Louisiana Gin Co., Inc. (Louisiana Gin), to obtain judgment for the amount of a check tendered to Douglas by Louisiana Gin, which was dishonored by the bank upon which it was drawn. The trial court rendered a default judgment in favor of Douglas and against Louisiana Gin in the amount of $280,633.70 together with legal interest from the date of judicial demand; $93,544.57 in attorney fees; and for all costs of the proceedings. Louisiana Gin filed a motion to set aside the default judgment, which was denied by the trial court. Louisiana Gin appeals the denial of its motion.
DISCUSSION OF THE RECORD
On March 2,1995, Thomas R. Douglas, Jr., filed suit against Louisiana Gin Co., Inc. The petition alleged that on December 29, 1994, Louisiana Gin tendered to |2PougIas a check drawn on American Security Bank in the amount of $136,894.49; that when presented for payment, the check was dishonored by the bank and returned marked “INSUFFICIENT FUNDS”; that request for payment was made by Douglas on Louisiana Gin in accordance with La.R.S. 9:2782; and that Louisiana Gin did not respond to the demand. Douglas sought judgment for twice the amount of the check, five percent of the face amount of the check as a service charge, attorney fees, and court costs.
On March 17, 1995, Louisiana Gin caused to be filed in the suit record a handwritten document, which reads as follows:
3-17-95
ReFerence: Thomas R. Douglas D.B.A. Douglas Farms-vs-Louisiana Gin Co.
Civil Suit # 179418 Division B.
[[Image here]]
I Jack Singleton representing Louisiana Gin Co Inc. would Like to answer this suit, saying that we disagree with some of the allegations in there suit, therefore would like to seek council to defend ourselves in this matter
Thanking you I Remain s/ Jack Singleton
On April 7, 1995, the matter came before the trial court for confirmation of the default, and judgment was rendered against Louisiana Gin as previously described. The judgment was signed on April 17, 1995, and on August 2, 1995, Louisiana Gin filed a motion to set aside the judgment. This motion was denied after hearing on August 21, 1995.
In this appeal, Louisiana Gin contends that the trial court erred (1) in not construing the handwritten document filed by its president as an answer or motion for an extension of time in which to plead and (2) in denying its motion to set aside the judgment. For the reasons set forth herein, we affirm the decision of the trial court.
JsOPINION
Louisiana Gin urges that the handwritten document may be construed as an answer. La.Code Civ.P. art. 1003 sets forth the form requirements for an answer to a petition and reads as follows:
The answer - shall comply with Articles 853, 854, and 863 and, whenever applicable, with Articles 855 through 861. It shall admit or deny the allegations of the petition as required by Article 1004, state in short and concise terms the material facts upon which the defenses to the action asserted are based, and shall set forth all affirmative defenses as required by Article 1005. It shall also contain a prayer for the relief sought. Relief may be prayed for in the alternative.
(Emphasis added).
*1060 La.Code Civ.P. art. 853 provides, in pertinent part:
Every pleading shall contain a caption setting forth the name of the court, the title and number of the action, and a designation of the pleading. The title of the action shall state the name of the first party on each side with an appropriate indication of other parties.
(Emphasis added).
Additionally, although La.Code Civ.P. art. 854 provides that there exists no technical form of pleading, this Article also provides that “[a]ll allegations of fact of the ... answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs.” La.Code Civ.P. art. 863 requires that when a party is not represented by an attorney, he “shall sign his pleading and state his address.” (Emphasis added). La.Code Civ.P. arts. 855-861 address pleading special matters and are not applicable herein.
Louisiana Gin also urges that the document may be construed as a motion for an extension of time. The form of written motions is governed by La.Code Civ.P. art. 962, which provides:
A written motion shall comply with Articles 853 and 863, and shall state the grounds therefor, and the relief or order sought. It must also comply with Article 854 if the motion is lengthy, and whenever ^applicable, with Articles 855 through 861.
(Emphasis added).
It is obvious that the document filed by Louisiana Gin does not comply with the mandatory language of the Code of Civil Procedure. We are mindful of La.Code Civ.P. art. 5051, which provides that “[t]he articles of [the Code of Civil Procedure] are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.” Additionally, La.Code Civ.P. art. 865 provides that “[e]very pleading shall be so construed as to do substantial justice.”
We note that in Carlton v. Electrical Maintenance & Installation Co., Inc., 306 So.2d 881 (La.App. 1 Cir.1974), which also involved an action to annul a default judgment, the answer contained an incorrect docket number and was filed in the wrong record. The court concluded that the designation in the caption of the answer by an incorrect number was an insignificant, inadvertent error. The court stated that the proper designation of a pleading by the correct number of the action was not sacrosanct. The court also stated that it could not accept the contention that no answer was filed in the original suit when an answer was filed the day before the default was confirmed and a copy of the answer was mailed to counsel of record.
However, in the instant case, we do not find that the document at issue contains merely insignificant or hypertechnical errors that would cause us to consider the document as either an answer or a motion for an extension of time. Rather, the substance of the document is ambiguous. We cannot tell from the document whether Louisiana Gin sought to answer the petition or to show an intent to answer the petition or to request an extension of time in which to plead. Additionally, it is not clear that the plaintiff was served with a copy of the answer. We do not find that ^substantial justice would be served by requiring the plaintiff to rule Louisiana Gin into court to determine the nature of the document.
In Foster v. Colonel Sanders Kentucky Fried Chicken, Inc., 526 So.2d 252, 258 n. 3 (La.App. 2 Cir.), writ denied, 531 So.2d 483 (La.1988), the following message was scrawled at the bottom of a citation form:
To whom it may concern, I hate what happen but i wasn’t there & i don’t no what happen, all i no is what they told me abot. My son is doing time. I wish i could do more about it. I am sorry. Gloria Thomas. 1-3-84
The court found that the message did not comply with the formal requirements of La. Code Civ.P. art. 1003 and found no authority for treating this sort of communication as an answer. The court found the message was more akin to a private letter and was not an answer or an appearance. Likewise, in the instant case, the document may have been nothing more than a letter to the court stating Louisiana Gin’s intention to file an answer in the future.
*1061 Thus, we conclude that the document at issue cannot be construed as either an answer or a motion for an extension of time.
La.Code Civ.P. art. 2004 provides that a final judgment may be annulled if it is obtained by fraud or ill practices. There are two criteria used to determine whether a judgment has been obtained by actionable fraud or ill practices: (1) when the circumstances show the deprivation of legal rights of the litigant who seeks relief and (2) when the enforcement of the judgment would be unconscionable and inequitable. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). Conduct that prevents an opposing party from having an opportunity to appear or assert a defense constitutes a deprivation of that party’s legal rights. Id. When a party fails to defend a suit because the opposing party failed to warn him that a default would be taken, this judgment may be annulled when the parties had an agreement to give notice of any | (¡action taken on the suit or the defaulted party relied on facts that he reasonably believed created such an agreement and the enforcement of the judgment would be unconscionable and inequitable. Id. In the instant case, the record does not reveal that the parties had such an agreement or that Louisiana Gin relied on facts which it reasonably believed created such an agreement or that Louisiana Gin was otherwise prevented from asserting a defense. We find no error in the trial court’s denial of Louisiana Gin’s motion to set aside the default judgment.
DISPOSITION
For the foregoing reasons,’we affirm the judgment of the trial court. We assess costs of this appeal to Louisiana Gin Co., Inc.
AFFIRMED.
WOODARD, J., dissents.