AMY, Judge.
This suit was instituted by Linda Sue Clements Blackwell Sparks, individually and as tutatrix of her minor daughter, Robyn Lynn Blackwell, to nullify and set aside a judgment of possession sending the defendants, the four biological children of decedent [the defendants],[1] into possession of the estate of James C. Blackwell. From a judgment nullifying the judgment of possession, the defendants appeal. We affirm.
Factual and Procedural Background
Decedent, James Blackwell, died on April 8, 1995. He was survived by his wife, Linda Sparks, the defendants, and Robyn Lynn Blackwell, an adopted daughter.[2]
_|¿[n early October 1995, one of decedent’s biological daughters, Linda Blackwell DeRo-sier, filed a petition for appointment as ad-ministratrix of her father’s estate. In her petition; DeRosier verified that decedent died intestate. After complying with the procedural requirements for said appointment, decedent’s succession was judicially opened and DeRosier was appointed adminis-tratrix.
On August 22, 1996, a petition for possession was filed by the defendants, seeking to be recognized as the sole heirs of decedent and to be placed in possession of his estate in accordance with the law of intestacy. Defendants’ petition contended that decedent died intestate, that they were the only heirs of decedent, and that further administration of the succession was unnecessary. In an Affidavit of Administratrix, DeRosier deposed that she believed her father died intestate, notwithstanding that a copy of a purported will had been presented to her, through counsel, by Sparks. Attached to the affidavit were several letters sent by the defendants’ attorney to Sparks’ attorney prior to filing the petition for possession.
By certified letter, in late May 1996, Sparks was notified of the defendants’ intention to petition the court to be placed into possession of their father’s estate. According to the letter dated May 22, 1996, Sparks was mailed a copy of the petition for posses *627 sion and accompanying draft of the judgment of possession.
A letter dated July 22, 1996, by defendants, through their attorney, acknowledged receipt of a copy of the purported will and notification of the possibility that Robyn had been adopted by the decedent. In that letter, defendants; as to the adoption of Robyn, stated: “If an adoption was done, we would need a copy of the Judgment recognizing her as his daughter.” As to the purported will, |3defendants admitted that the will appeared valid on its face, but also noted possible constitutional infirmities and that they “need to know the location of the original will so that [they] can be assured it does exist and can be probated.” In this letter, Sparks was once again instructed that defendants would pursue the judgment of possession “as quickly as possible!,]” if no response was received “by the end of th[e] month.... ”
Lastly, by a letter dated August 14, 1996, and received on August 20, 1996, defendants again expressed their intention to proceed as planned, e.g., handling decedent’s estate as an intestate succession. Sparks was notified that, “as soon as ... the return from the Department of Revenue [was received], ... [the defendants would] proceed to ask the Court to place [them] into possession as is shown in the enclosed copies of the Petition for Possession and Judgment of Possession. ...”
Judgment of Possession was signed on August 22, 1996, recognizing the defendants as the sole heirs of decedent’s estate. A motion for new trial or appeal was not sought from that judgment.
On December 12, 1996, Sparks, individually and as tutatrix of Robyn Lynn Blackwell, filed, in the succession proceeding, a petition for nullity of judgment asking that the judgment of possession rendered in favor of the defendants be set aside/annulled. She contended that the August 22, 1996 judgment of possession should be set aside because: (1) the matter was handled as an Intestate Succession when the defendants were provided a copy of a purported Last Will and Testament of the decedent; (2) the defendants failed to provide the trial court with a copy of the purported testament or request a search for a testament; and, (3) the defendants Lpmitted plaintiff, Robyn Blackwell, the adopted daughter and legal heir of decedent, from the judgment of possession. The defendants answered the plaintiffs’ petition and pled peremptory exceptions of res judicata and no cause of action. Defendants’ exceptions were subsequently denied.
The trial judge, following a contradictory proceeding on the merits, set aside the August 22, 1996 judgment of possession. The defendants appeal, assigning the following trial court errors: (1) the trial court erred in denying the defendants’ exception of no cause of action; (2) the trial court erred in allowing a copy of the will to be admitted into evidence; (3) the trial court erred in allowing a copy of the will to be admitted into evidence without proof as to its authenticity; (4) the trial court erred in “setting aside” a judgment of possession absent proof of fraud or ill practices; and, (5) the trial court erred in denying the defendants’ request for sanctions and attorney’s fees.
Merits
A. Defendants’ Exception of No Cause of Action
First, the defendants contend that the plaintiffs failed to state a valid cause of action in their petition to annul the August 22, 1996 judgment of possession. In support of their contention, the defendants argue that the plaintiffs failed to allege facts to support a finding of fraud or ill practice in their petition which would allow for the annulment of a judgment pursuant to La.Code Civ.P. art.2004.
When testing the legal sufficiency of the petition to state a cause of action, an appellate court must look only to the face of the petition to ascertain whether there are sufficient facts alleged to establish a case cognizable in law. Craft v. Allstate Ins. Co., 95-160 (La.App. 3 Cir. 8/30/95); 663 So.2d 116, writ denied, 95-2403 (La.12/15/95); 664 So.2d 454. If sufficient facts do exist, the peremptory exception of no cause of action must fail. Rebman v. Reed, 286 So.2d 341 (La.1973). For purposes of the determination, all allegations presented in the petition *628 are accepted as true, and any doubts are to be resolved in favor of the sufficiency of the petition. Weber v. State, 93-62 (La.4/11/94); 635 So.2d 188.
Article 2004 of the Louisiana Code of Civil Procedure provides that “[a] final judgment obtained by fraud or ill practices may be annulled!,]’’ if “action to annul ... [is] brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.” The courts have recognized that this provision is not limited to actual fraud or wrong doing. Schoen v. Burns, 321 So.2d 908 (La.App. 1 Cir.1975). The court is also directed to look to equitable considerations. There is actionable fraud or ill practice when (1) the circumstances illustrate a deprivation of the legal rights of the litigant seeking relief, and (2) enforcement of the judgment would be unconscionable and inequitable. Douglas v. Louisiana Gin Co., Inc., 95-1637 (La.App. 3 Cir. 6/5/96); 688 So.2d 1058.
In the plaintiffs’ petition, they allege the following: (1) the defendants handled the succession intestate even after being provided a copy of a purported Last Will and Testament of decedent; (2) the defendants were aware that the plaintiffs were in possession of the original will; (3) the defendants never requested production of the original will as provided in the Affidavit of Adminis-tratrix filed with the petition for judgment of possession; (4) the defendants pursued an ex parte judgment of possession even after they were informed verbally that plaintiffs would contest anjgintestate succession; (5) the defendants failed to file the copy of the will in their possession or request a search of the original when seeking judgment of possession; and, (6) Robyn Blackwell, a legal heir of the decedent, was left out of the succession and judgment of possession.
After reviewing the plaintiffs’ petition, we find that the allegations, when accepted as true, support a cause of action for annulment of a judgment under La.Code Civ.P. art.2004. Accordingly, we conclude that the defendants’ first contention lacks merit.

B. Evidence and Annulment of August 22, 1996 Judgment of Possession

Defendants, in assignment of errors number two, three and four, dispute the trial court’s handling of the copy of the purported will, as well as the ultimate decision to annul the judgment of possession.
Initially, the defendants contend that the trial court erred in admitting the purported will into evidence because it was a copy and it was offered without proof as to its authenticity.
At trial, the trial court overruled defense counsel’s objection and allowed the copy of the purported will admitted into evidence “to show that there’s a document purporting to be a will allegedly signed by [the decedent].” The trial court went on to state that the document’s admittance into evidence in no way reflects a determination as to its validity as to form or readiness for probate. For the limited purpose the document was admitted into evidence, we find no error in the trial court’s decision.
The defendants further contend that the trial court erred in annulling the August 22, 1996 judgment of possession without proof of fraud or ill practice. As noted previously, La.Code Civ.P. art.2004 is not limited to actual fraud or wrong doing. And, we specifically find that no actual fraud or wrong doing was perpetrated by the defendants in the case. However, under the prevailing jurisprudence the inquiry as to whether the trial court was manifestly erroneous or clearly wrong does not end there. A court may also look to equity to examine if a litigant was prevented or excused from asserting any claims or defenses. State, Through Dept. of Soc. Serv. v. Jones, 94-2605 (La.App. 1 Cir. 10/6/95); 671 So.2d 404. Annulment of a judgment can be proper where enforcement of the judgment would be inequitable or unconscionable. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983).
In deciding this issue, we are cognizant that an action for nullity is not a substitute for appeal but instead an independent remedy. Gladstone v. American Auto. Ass’n, Inc., 419 So.2d 1219 (La.1982); David v. David, 347 So.2d 885 (La.App. 3 Cir.1977). *629 Whether the evidence supported the judgment of possession is not before us in an action for nullity. Clulee v. Louisiana Materials Co., Inc., 590 So.2d 780 (La.App. 5 Cir.1991), unit denied, 594 So.2d 1323 (La.1992).
It is undisputed that, on June 6, 1996, defense counsel was faxed a copy of the purported will and first informed that Robyn was alleged to have been adopted by the decedent.[3] It was this communication that propelled the July 22, 1996 correspondence discussed previously. Further, DeRosier, administratrix and daughter |gof the decedent, testified that she was shown a copy of the purported will shortly after her father’s death. DeRosier testified that she did not believe there was a valid will because her father had not informed her that he had executed a will and she did not recognize the signature on the document as her father’s. The record also indicates that the defendants attempted to keep Sparks apprised of their intentions throughout the entire process of preparing to seek a judgment of possession, and DeRosier’s affidavit explicitly .called the-trial court’s attention to the fact that a copy of a purported will did exist. However, we also note that DeRosier’s affidavit fails to mention the allegation that Robyn is the adopted daughter and legal heir of the decedent. To the contrary, the defendants’ petition for judgment of possession verifies that the defendants are the sole heirs of the decedent and that no children were adopted during decedent’s marriage to Sparks.
The trial court was faced with a difficult decision on a very close issue. The factual situation before us represents the periphery of circumstances covered by the equitable considerations addressed by our jurisprudence. For this reason, we conclude that, because the trial court could reasonably have found in favor of either party, the decision to annul the August 22, 1996 judgment of possession is not clearly wrong.

Sanctions and Attorney’s Fees C.

Lastly, the defendants contend that the trial court erred in failing to assess sanctions against the plaintiffs for abuse of process and misleading statements contained in their petition to have the judgment of possession annulled. The defendants allege that the plaintiffs brought the nullity action as a guise to halt [ 9eviction proceedings that were being pursued by the defendants. Further, the defendants take exception to certain statements contained in the plaintiffs’ pleading which they contend “were made solely to harass, cause unnecessary delay and needless increase in the cost of litigation.”
The statements referred to by the defendants are contained in paragraphs four and five of the plaintiffs’ “Petition to Set Aside Judgment of Possession and Stay Order.” These paragraphs read, as follows:
4.
The above entitled matter was handled as an intestate succession when petitioners in said matter were provided with a copy of a valid Last Will and Testament of the decedent, a copy of which is attached hereto and made a part hereof as Exhibit “A”, Counsel for petitioners was provided with said copy and made aware that attorney for petitioners herein, (herein after referred to as Brandon), was in possession of the original Last Will and Testament. Attorney for petitioners, (herein after referred to as Hoyehick), never requested the production of the original Last Will and Testament as is set for in the Affidavit of Administr[atr]ix filed in the above proceedings.
5.
Prior to the Hoyehick letter dated August 14, 1996, and received by Brandon on August 20, 1996, Hoyehick was informed verbally over the telephone by Brandon that petitioner, Linda Sparks would contest an Intestate Succession. Brandon received said letter August 20,1996, and the *630 Judgment of Possession was signed August 22,1996, even though in possession of a copy of the Last Will and Testament did not file said copy into the record of the above matter nor did they ask for a search of a testament.
(Emphasis added). The relevant excerpt from the Affidavit of Administratrix filed with the Petition for Judgment of Possession provided:
Mrs. Sparks, through her attorney, Ronald D. Brandon, faxed a copy of what was represented to be a will which was reported to be in the possession of Linda C. Blackwell Sparks, the surviving spouse of the | ipdecedent. Affiant, through her counsel of record, requested of Mrs. Sparks that the original will be made available for probate. This request was made by letter to Mr. Brandon dated July 22,1996, a copy of which is attached. Having no response, she again notified Mrs. Sparks that she would proceed to request that the heirs be sent into possession of the property based upon the laws of intestate successions. A copy of that letter dated August 14, 1996 addressed to Mr. Ronald D. Brandon, is attached hereto along with the Domestic Return Receipt from the United States Post Office.
(Emphasis added). In the referred to correspondence dated July 22,1996, defense counsel made the following comments: “The original will must be offered for probate so that it can be contested by the heirs of Mr. Blackwell- Finally, we need to know the location of the original will so that we can be assured it does exist and can be probated.”
We conclude that the trial court was not clearly wrong in denying the defendants’ request for sanctions against the plaintiffs and their counsel. Collins v. Ferrellgas, Inc., 96-810 (La.App. 3 Cir. 2/5/97); 689 So.2d 569. We conclude that the above representations in the plaintiffs’ petition do not evidence the intention to mislead as envisioned by La. Code Civ.P. art. 863.[4] Rather, it appears that both [ nparties are overstating/understating, as the case may be, what the other party has done or has failed to do. Further, based on the record, we conclude that the plaintiffs’ action for nullity of the August 22, 1996 judgment of possession was not frivolous or for the sole purpose of harassing the defendants. As stated previously, the plaintiffs claimed an independent right of action to annul the ex parte judgment of possession on grounds of fraud or ill practice. Gladstone, 419 So.2d 1219. Accordingly, we find that the trial court did not abuse its discretion in denying the plaintiffs’ request for La.Code Civ.P. art. 863 sanctions.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs associated with this appeal are assessed to the defendants, Glenda Faye Blackwell, James Richard Blackwell, Judy Beth Blackwell Little, and Linda Kay Blackwell DeRosier.
AFFIRMED.

. Decedent's four biological children, from a previous marriage, include: Glenda Faye Blackwell, James Richard Blackwell, Judy Beth Blackwell Little and Linda Kay Blackwell DeRosier.

. Robyn Lynn Blackwell, formerly Robyn Lynn Landry, is the biological daughter of Sparks and her first husband, Charles Keith Landry. On March 16, 1987, the deqedent filed a petition in district court to formally adopt Robyn. A final decree of adoption was signed on May 26, 1987. Robyn’s surname was officially changed to Blackwell that same day.

. Defendants stipulated that Robyn Lynn Blackwell (formerly Landry) was the adopted daughter and legal heir of the decedent.

. La.Code Civ.P. art. 863 provides, in pertinent part:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnec-
essary delay or needless increase in the cost of litigation.
[[Image here]]
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other parly or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney’s fee.