# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 06-402

**SUCCESSION**

**OF**

**JA KUN KANG CRUMBLEY**

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, DOCKET NO. 32,288 – "G"
HONORABLE HARRY FRED RANDOW, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED.**

**W. Alan Pesnell
Post Office Box 1794
Shreveport, Louisiana 71166-1794
(318) 226-5577
COUNSEL FOR EXECUTOR/APPELLANT:**
    Kenneth W. Crumbley, Jr. (Executor)

**Perrell Fuselier
Post Office Box 652
Oakdale, Louisiana 71463
(318) 335-2951
COUNSEL FOR APPELLEE:**
    Kenneth W. Crumbley, Sr.

**GENOVESE, Judge.**

Kenneth W. Crumbley, Jr., as Executor of the Succession of Ja Kun Kang Crumbley, appeals the judgment of the trial court annulling the judgment of possession in favor of Kenneth W. Crumbley, Jr., John Thomas Crumbley, and Toya Johnette Crumbley Creighton, the only children of Ja Kun Kang Crumbley. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Decedent, Ja Kun Kang Crumbley, a resident and domiciliary of Alexandria, Rapides Parish, Louisiana, died testate in Dallas, Texas, on October 30, 1999. She was survived by her husband, Kenneth W. Crumbley, Sr., and three children, Kenneth W. Crumbley, Jr., John Thomas Crumbley, and Toya Johnette Crumbley Creighton.

Decedent executed a last will and testament on September 23, 1999. In her will, decedent designated her son, Kenneth W. Crumbley, Jr., as executor of her estate and bequeathed her entire estate to her three children in equal shares.

In June of 2000, Kenneth W. Crumbley, Jr. (Executor) filed a petition for probate of his mother's will and to have himself confirmed as executor of the estate. Said petition contained a certificate attesting that copies of the aforementioned pleadings were mailed to counsel for Kenneth W. Crumbley, Sr. Inventories of decedent's assets were then performed with the knowledge and participation of either Kenneth W. Crumbley, Sr. or his counsel. At these inventories, Kenneth W. Crumbley, Sr. asserts that he declared to counsel for the Executor that certain items were, in fact, his separate property.

On December 18, 2001, the Executor filed a petition for possession and for homologation of first and final tableau of distribution. A judgment of possession was

1

signed by the trial court on January 9, 2002, recognizing the decedent's three children as the sole legatees of their mother's estate.

On February 20, 2002, Kenneth W. Crumbley, Sr. filed a petition to annul judgment seeking to set aside the judgment of possession signed on January 9, 2002, alleging that "the [j]udgment . . . was obtained by ill practice, due to an apparent oversight by the attorney for the heirs." Kenneth W. Crumbley, Sr. avers that neither he nor his attorney received copies of the detailed descriptive list of assets and other documents which were filed and upon which the judgment of possession was rendered. Kenneth W. Crumbley, Sr. further asserts that his separate funds were incorporated into the community of acquets and gains.

Following a hearing on July 15, 2002, the trial court took the matter under advisement and, on November 18, 2002, granted judgment in his favor stating:

> KENNETH W. CRUMBLEY, SR., was not properly served with process as required by the Code of Civil Procedure; therefore, the Judgment of Possession rendered on the 9th day of January 2002, is hereby declared a nullity and the Petition to Annul the Judgment of Possession filed on behalf of KENNETH W. CRUMBLEY, SR., is granted.

The Executor appeals.

## ISSUE

The Executor asserts that the trial court erred in declaring the January 9, 2002 judgment of possession a nullity pursuant to La.Code Civ.P. art. 2004.

## LAW AND DISCUSSION

Louisiana Code of Civil Procedure article 2004 provides, in pertinent part, that "[a] final judgment obtained by fraud or ill practices may be annulled" if the "action to annul . . . [is] brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices."

2

The Executor argues on appeal that since Kenneth W. Crumbley, Sr. did not follow the procedural requirements set forth in La.Code Civ.P. art. 3305[1], the failure to send notice could not be deemed an "ill practice" warranting nullification of the judgment of possession. The Executor contends that both Kenneth W. Crumbley, Sr. and his attorney were aware of the proceedings and even participated in the inventories of decedent's assets; therefore, Kenneth W. Crumbley, Sr. had the duty to request notice in accordance with La.Code Civ.P. art. 3305. The Executor further asserts that since no notice was requested by Kenneth W. Crumbley, Sr. that he is bound by the tableau of distribution and judgment of possession because he is, by his omission, subject to the same form of notice to which any other person interested in the succession is subjected, i.e., notice by publication.

Kenneth W. Crumbley, Sr. contends that he has been deprived of possession of his separate property; therefore, the lack of notice constitutes an ill practice justifying nullification of the judgment of possession pursuant to La.Code Civ.P. art. 2004. Kenneth W. Crumbley, Sr. further asserts that the trial court was correct in annulling the judgment of possession rendered in this succession proceeding because the Executor knew of his interest in decedent's estate and knew he was represented

---

[1]**Louisiana Code of Civil Procedure Article 3305. Petition for notice of filing of tableau of distribution.**

An interested person may petition the court for notice of the filing of a tableau of distribution.

The petition for such notice shall be signed by the petitioner or by his attorney, and shall set forth: (1) the name, surname, and address of the petitioner; (2) a statement of the interest of petitioner; (3) the name, surname, and office address of the attorney at law licensed to practice law in this state to whom the notice prayed for shall be mailed; and (4) a prayer that petitioner be notified, through his attorney, of the filing of the tableau of distribution.

A copy of this petition shall be served upon the succession representative, as provided in Article 1314.

by counsel; yet, neither he nor his counsel received notice of the filing of the detailed descriptive list of assets and the petition for possession from the Executor until *after* the judgment of possession was signed by the trial court and funds were distributed.

In the alternative, the Executor argues that all of the statutory notice requirements have been met; therefore, annulment was not proper. In support of his contention, the Executor argues that the alleged separate property of Kenneth W. Crumbley, Sr. contained in the judgment of possession is considered a debt against decedent's estate; therefore, the only manner in which the Executor was bound to give Kenneth W. Crumbly, Sr. notice of their filing of the tableau of distribution with the court is through publication mandated by La.Code Civ.P. art. 3304[2]. The record of these proceedings contains an affidavit verifying that the Executor followed the procedural rule enunciated in Article 3304 by publishing a notice of the application to pay succession debts and charges in the official Rapides Parish newspaper on December 28, 2001. Therefore, the Executor contends that notice was given to Kenneth W. Crumbley, Sr. via publication of the tableau of distribution on December 28, 2001.

Conversely, Kenneth W. Crumbley, Sr. cites the mandate set forth in La.Code Civ.P.art. 3306. His contention is that the Executor's failure to send him notice of the detailed descriptive list of assets prior to the filing of the petition for possession and for homologation of first and final tableau of distribution amounts to an "ill practice" and is justification for a nullification of the judgment of possession signed by the trial

---

[2]**Louisiana Code of Civil Procedure Article 3304. Notice of filing of petition; publication**.

Notice of the filing of a petition for authority to pay an estate debt shall be published once in the parish where the succession proceeding is pending in the manner provided by law. The notice shall state that the petition can be homologated after the expiration of seven days from the date of publication and that any opposition to the petition must be filed prior to homologation.

court on January 9, 2002. Louisiana Code of Civil Procedure Article 3306 (emphasis added) provides:

> When notice has been requested in accordance with Article 3305, the succession representative, without the necessity for a court order thereon, shall send a notice of the filing of a tableau of distribution by mail to the attorney designated by the person praying for notice at the address designated. Proof of mailing is sufficient; no proof of receipt is required.
> *If no notice of the filing of a tableau of distribution has been mailed when required under this article, a judgment homologating the tableau of distribution shall have no effect against the person praying for such notice.*

Kenneth W. Crumbley, Sr. argues that the Executor knew of his interest in decedent's estate and was required under La.Code Civ.P. art. 3306 to provide him with notice. Kenneth W. Crumbley, Sr. further asserts that the Executor's actions, or lack thereof, equate to an "ill practice" because he relied upon the Executor's knowledge of his interest in decedent's estate, which resulted in the deprivation of his legal rights, and that enforcement of the judgment of possession would be unconscionable and inequitable.

This court in *Succession of Blackwell*, 98-50 (La.App. 3 Cir. 5/6/98), 713 So.2d 625, *writ denied*, 98-1983 (La. 10/30/98), 727 So.2d 1169, affirmed a nullification of a judgment of possession where the parties had not filed formal pleadings with each other, but rather had communicated informally. Citing La.Code Civ.P. art. 2004, this court reasoned:

> The courts have recognized that this provision is not limited to actual fraud or wrong doing. *Schoen v. Burns*, 321 So.2d 908 (La.App. 1 Cir.1975). The court is also directed to look to equitable considerations. There is actionable fraud or ill practice when (1) the circumstances illustrate a deprivation of the legal rights of the litigant seeking relief, and (2) enforcement of the judgment would be unconscionable and inequitable. *Douglas v. Louisiana Gin Co., Inc.*, 95-1637 (La.App. 3 Cir. 6/5/96); 688 So.2d 1058.

*Id*. at 628.

The supreme court in *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067, 1070 (La.1983)(emphasis added), interpreted La.Code Civ.P. art. 2004 to:

> encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, *even innocently*, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable. *Chauvin v. Nelkin Ins. Agency, Inc.* 345 So.2d 132 (La.App. 1st Cir.1977), *writ denied*, 347 So.2d 256 (La.1977); *Schoen v. Burns*, 321 So.2d 908 (La.App. 1st Cir.1975); *St. Mary v. St. Mary*, 175 So.2d 893 (La.App. 3d Cir.1965); *Tapp v. Guaranty Finance Co.*, 158 So.2d 228 (La.App. 1st Cir.1963), *writ denied*, 245 La. 640, 160 So.2d 228 (1964).

We find that Kenneth W. Crumbley, Sr.'s claim of ill practices is supported by the record of these proceedings. The Executor was aware that Kenneth W. Crumbley, Sr. was an interested party and was represented by counsel. The Executor was likewise aware that Kenneth W. Crumbley, Sr. disputed the descriptive list of assets and claimed that certain accounts and investments were his separate property. The record does not contain evidence of sufficient notice to Kenneth W. Crumbley, Sr. of the filing of the petition for possession for homologation of first and final tableau of distribution *prior* to obtaining the judgment of possession in this matter. Therefore, we find that the record supports the trial court's judgment declaring the January 9, 2002 judgment of possession a nullity pursuant to La.Code Civ.P. art. 2004.

## DECREE

For the above stated reasons, we affirm the judgment of the trial court. The costs of this appeal are assessed to the Succession of Ja Kun Kang Crumbley through its Executor, Kenneth W. Crumbley, Jr.

**AFFIRMED.**