NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 1208

SUCCESSION OF GLORIA GARSIDE

**DATE OF JUDGMENT:**    APR 1 1 2022

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER 107301, SECTION 22

HONORABLE TIMOTHY E. KELLEY, JUDGE

* * * * * *

| | |
|---|---|
| Donald C. Hodges , Jr.<br>Baton Rouge, Louisiana | Counsel for Plaintiff-Appellant<br>Donna Laird |
| Roy H. Maughan, Jr.<br>Namisha D. Patel<br>Joshua D. Roy<br>Baton Rouge, Louisiana | Counsel for Defendant-Appellee<br>Michael Anthony Rojas |

* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

**Disposition: AFFIRMED.**

Holdridge J. concurs

**CHUTZ, J.**

Appellant, Donna Laird ("Donna"), appeals a judgment denying her relief on her nullity action. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

This case arises from a succession matter. Decedent, Gloria Garside, died intestate in East Baton Rouge Parish on December 28, 2019, with no surviving spouse. Garside's three children—Donna, Michael Rojas ("Michael"), and Christopher Laird—survived her. Donna and Michael both filed petitions for administration and possession. Ultimately, the trial court appointed Michael as administrator of the succession of Gloria Garside.[1]

Decedent owned immovable property in Baton Rouge. As administrator of his mother's estate, Michael filed a pleading entitled "APPLICATION FOR AUTHORITY TO SELL REAL ESTATE AT PRIVATE SALE," requesting court permission to sell the immovable property owned by the estate. Michael recommended the sale was in the best interest of the estate because the house on the property, which had been severely damaged in the August, 2016 Baton Rouge flood, was uninhabitable, and the estate could not afford its upkeep, insurance, and taxes.

After advertising the application as required under La. C.C.P. art. 3282,[2] Michael filed a petition for homologation of the application for authority to sell real estate at private sale. The trial court signed a judgment homologating Michael's application on May 21, 2021.

---

[1] In *Matter of Garside*, 2021-0513 (La. App. 1st Cir. 12/22/21), 2021 WL 6067504, Donna appealed the judgment appointing Michael as administrator of the estate, which this court affirmed.

[2] Under La. C.C.P. art. 3282, notice of the application for authority to sell immovable succession property at private sale shall be published at least twice in the parish where the immovable property is located. See also La. R.S. 43:200 et seq.

2

Donna filed an action to annul the judgment of May 21, 2021, arguing neither she nor her counsel received notice of Michael's application for authority to sell real estate at private sale and, therefore, the judgment should be annulled.[3] The trial court denied nullity relief to Donna, noting it could not find any fraud or ill practice associated with Michael's actions. A judgment in conformity with the trial court's ruling was signed on August 5, 2021. Donna appeals.

## DISCUSSION

Under La. C.C.P. art. 2004(A), a final judgment obtained by fraud or ill practices may be annulled. Article 2004(A) is not limited to cases of actual fraud or intentional wrongdoing but is sufficiently broad to encompass all situations where a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable. *Wright v. Louisiana Power & Light*, 2006-1181 (La. 3/9/07), 951 So.2d 1058, 1067. A judgment is the product of fraud or ill practices when (1) the circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief, and (2) enforcement of the judgment would be unconscionable or inequitable. *First Bank and Trust v. Sharp*, 2017-0284 (La. App. 1st Cir. 2/20/18), 243 So.3d 16, 21. When ill practices are alleged, the court must examine the case from an equitable viewpoint to determine whether the party seeking annulment has met the burden of showing how he was prevented or excused from asserting his claims or defenses. *Centurion Capital Corp. v.*

---

[3] A nullity action based on vice of substance (fraud or ill practice) is properly instituted as a direct action, which should be by petition with citation and proper service of process utilizing an ordinary proceeding. Donna instituted this nullity action by a contradictory rule, and a hearing was held at which both sides argued and offered evidence. Thereafter, the trial court summarily decided the case on its merits. Because Michael failed to assert a dilatory exception raising the objection of unauthorized use of summary proceedings prior to the time the matter was assigned for trial, he waived the objection. See La. C.C.P. art. 926; *LaCroix v. Coleman*, 2020-1247 (La. App. 1st Cir. 5/19/21), 326 So.3d 921, 923 n.1.

3

*Littlefield*, 2019-1405 (La. App. 1st Cir. 9/21/20), 314 So.3d 45, 49-50, writ denied, 2020-01291 (La. 1/12/21), 308 So.3d 295.

In all civil cases, including nullity actions like the one presently before us, the appropriate standard for appellate review of factual determinations is the manifest error—clearly wrong standard, which precludes the setting aside of a trial court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. Thus, a reviewing court may not merely decide if it would have found the facts of the case differently. The reviewing court should affirm the trial court where the trial court judgment is not clearly wrong or manifestly erroneous. *Hall v. Folger Coffee Co.*, 2003-1734 (La. 4/14/04), 874 So.2d 90, 98.

Adequate notice is one of the most elementary requirements of procedural due process; it is fundamental to our system of laws that there be notice prior to trial, except in extraordinary cases, such as executory process. *Smith v. Leblanc*, 2006-0041 (La. App. 1st Cir. 8/15/07), 966 So.2d 66, 76.

In *Smith*, we noted that in the absence of notice to a curatrix's counsel of the filing of the petition of homologation of an annual accounting and a final accounting of the previous curator and undercuratrix, the curatrix suffers a violation of her right to procedural due process such that the judgment of homologation is seemingly improper as one having been obtained by fraud or ill practices, which is subject to being annulled pursuant to La. C.C.P. art. 2004. *Id.* Similarly, in *In re Succession of Crumbley*, 2006-402 (La. App. 3d Cir. 9/27/06), 940 So.2d 748, 751-752, the Third Circuit affirmed the trial court's judgment declaring a judgment of possession a nullity pursuant to Article 2004 where the record did not contain evidence of sufficient notice to decedent's husband of the filing of the petition for possession for homologation of the first and final tableau of distribution prior to obtaining the judgment of possession where the executor,

4

decedent's son, knew that decedent's husband was an interested party and represented by counsel.

Unlike *Smith* and *Crumbley*, the record in this case contains evidence of notice to Donna and her counsel, as Michael's application for authority to sell real estate includes a certificate of service stating that a copy of the pleading "[h]ad been mailed, emailed, and/or faxed to all counsel of record," which included Donna's attorney. Although Donna submitted evidence indicating neither she nor her counsel had received a copy of the notice by mail, email, or fax, in her appellant brief, she concedes the existence of the certificate of service. Furthermore, even though they may not have received notice by mail, Donna and her attorney had the same notice everyone else had when the sale was advertised twice.

Under La. C.C.P. art. 2971, except as otherwise provided by law, the rules of pleading and service of process applicable in ordinary proceedings shall apply to succession proceedings. According to La. C.C.P. art. 1313(A), after service of the original petition, all other service of process may be accomplished by delivering a copy of pleadings by mail. When a copy of service of process is mailed to the counsel of record, service is complete upon mailing. La. C.C.P. art. 1313(A)(1).

Mindful that the manifest error standard of review applies to all factual findings, including whether the evidence presented by Donna proved, more likely than not, that Michael failed to send her notice of his application for authority to sell real estate, see *Hall*, 874 So.2d at 98, we cannot say the trial court's reliance on the certificate of service to conclude that Michael mailed a copy of the pleading advising of the sale of the succession property to Donna's counsel is manifestly erroneous. Donna provided nothing to refute the attestation of proper mailing contained therein. Moreover, the trial court had familiarity with the parties, having presided over the succession since the appointment of an administrator of the

5

succession. In light of our standard of review, we cannot say the trial court erred in its conclusion that Donna was not entitled to nullity relief due to any fraud or ill practice on Michael's part.

## CONCLUSION

For the foregoing reasons, the August 5, 2021 judgment, denying relief in the nullity action filed by Donna, is affirmed. Appeal costs are assessed to appellant, Donna Laird.

**AFFIRMED.**