IjEDWARD A. DUFRESNE, Jr., Judge.
This is an appeal by Walter F. Williams, III, a surviving spouse, from a judgment re-opening the succession of his wife and voiding her probated will. For the following reasons, we reverse the judgment of the trial court and re-instate the original judgment of possession.
The facts are as follows. Nimfa Pineda Williams, decedent, had three children from a prior marriage, namely Vivian Adair Andara, Bianca Zenobia Andara, and Vanessa Yamilet Andara Guidry. At the time of her death on September 4, 1995, she was married to Walter F. Williams, III, with whom she had no other children. She left a statutory will dated August 25, 1995, leaving her entire estate to Walter. That entire estate consisted of a house with a net value of about $49,000.
On January 31, 1996, Walter and the decedent’s three daughters filed a joint “Petition to Probate Testament and Petition for Possession.” The petition recited that “Petitioner’s children’s legitime has been satisfied by non-probate assets.” Each of the three daughters also filed a 1 ¿verification of the petition, as well as an affidavit of death and heirship which pertinently reciting that:
[S]he knows of her own personal knowledge that NIMFA PINEDA WILLIAMS died testate on September 4, 1995, leaving a statutory Last Will and Testament, dated August 25, 1995.
On the same day that the petition was filed, the will was duly probated and a judgment of possession in favor of Walter was rendered.
Some thirteen months later, on March 3, 1997, Vivian and Bianca filed a “Petition to Annul Probated Testament.” The substantive allegations of that petition were that the will was invalid because it was not prepared at the testator’s direction and not declared by her to be her will before two competent subscribing witnesses, and also because at the time it was executed she was incompetent due to the administration of pain drugs. After a full trial on the merits, the trial judge determined that there was proper cause to reopen the succession, and further declared the will to be invalid.
The evidence presented at the trial indicated that the notary first executed the will at the hospital in the presence of two witnesses. However, he then realized that one of the original witnesses, the decedent’s mother, could not speak or read the English language. He thereupon got a nurse to sign the document as the second witness without repeating the entire procedure of having the decedent again declare before the nurse and the one competent original witness that the document was her will and again sign it. In his reasons for judgment the trial judge stated:
One of the witnesses was not present at the time that the will was signed and therefore her signature was invalid. The second witness was unable to read, write or speak the English language, therefore |3she is not a competent witness. Due to this failure to comply with the provisions of LSA-R.S. 9:2442(B)(1), the will is declared invalid.
Walter Williams now appeals this judgment.
The law governing the reopening of successions is La.Code Civ. Pro., Art. 3393(B) which states:
After formal or informal acceptance by the heirs or legatees or rendition of a judgment of possession by a court of competent jurisdiction, if other property is discovered, or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the succession be opened or reopened, as the case may be, regardless of whether or not, theretofore, any succession proceedings had been filed in court....
*1187 Because this case does not involve the discovery of property omitted from the original proceedings, the only other ground upon which the succession may have been reopened was for “any other proper cause.” Our inquiry here is thus whether allegations that a statutory will was improperly executed constitute “proper cause” under the statute.
This statute, and the applicable jurisprudence, was discussed in detail in Succession of Villarrubia, 95-2610 (La.9/5/96), 680 So.2d 1147. In summary, the court first noted that the question of whether to reopen a succession is within the sound discretion of the trial judge. It went on to note, however, that the main purpose of the article is to provide a means for dealing with overlooked or later discovered assets of the succession, and that the “any other proper cause” clause has been applied in extremely limited circumstances.
The court’s review of the jurisprudence interpreting this clause showed that the most common of circumstances warranting reopening of successions was the discovery of a new will. In only one cited case was a 14succession reopened for any other reason, and that was to correct a judgment of possession which ordered an unequal distribution of assets that was clearly not in accord with the intent of the parties. The Villarrubia court then cited a number of cases in which successions were properly not reopened for collation, assertion of forced heirship rights, or errors of law.
The facts of Succession of Villarrubia, were that a legatee had agreed to accept his legacy and have his uncles put in possession of the remainder of the estate. However, the law under which he concluded that he had no further rights as a forced heir was subsequently found to be unconstitutional. He thereupon sought to reopen the succession to assert those forced heirship rights which had existed prior to enactment of the unconstitutional statute. The court rejected this attempt because the asserted “other proper cause” was simply an error of law on his part upon which he had agreed to the judgment of possession in favor of his uncles.
In reaching this decision, the court particularly approved of two appellate court cases. In Succession of Lasseigne, 488 So.2d 1303 (La.App. 3rd Cir.), writ denied, 494 So.2d 327 (La.1986), the court rejected an attempt to reopen a succession to assert forced heirship rights because no creditor had appeared, no new assets were discovered, and “all of the heirs had purely, simply and unconditionally accepted the succession.” (At 1306). Similarly, in Averette v. Jordan, 457 So.2d 691 (La.App. 2 nd Cir.1984), the descendants of a forced heir were precluded from reopening a succession because their forced heir ancestor had joined in the succession proceeding and acquiesced in distribution of the estate to his four siblings, |Bto the exclusion of himself.
In the present case, the two complaining heirs participated in the succession as petitioners, recited that their forced heirship rights had been satisfied, and filed affidavits of death and heirship representing that their mother had left the will at issue. They thus acquiesced in the distribution of their mother’s assets to their stepfather pursuant to that will. In these circumstances, and considering the interpretation of the “any other proper cause” language of La.Code Civ. Pro., Art 3393(B) by the courts in Succession of Villarrubia, Succession of Lasseigne, and Averette v. Jordan, it is this court’s opinion that the trial judge abused his discretion on reopening this succession on the grounds urged by decedent’s two daughters.
For the foregoing reasons, the judgment of the trial judge declaring the will at issue to be invalid is vacated, and the original judgment of possession, insofar as it may also have been rendered null by that judgment, is hereby reinstated.

JUDGMENT VACATED; ORIGINAL JUDGMENT REINSTATED.