h GORBATY, Judge.
In this appeal, Farrell J. Chatelain (“Farrell”) contends that the trial court erred in denying his Motion to Reopen the Succession of Cecile Ducote Chatelain. For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY

On May 6, 1997, Cecile Chatelain died testate. Her last will and testament called for her two sons, Nelson Chatelain (“Nelson”) and Farrell to be co-executors of her will, “or one of them in the event one is unwilling or unable to act as such...” After several failed attempts to obtain the cooperation of his brother, Nelson sought the assistance of counsel. On August 15, 1997, Nelson’s attorney sent proposed succession pleadings to Farrell. Farrell received the documents on August 17. Among the pleadings was another request for Farrell’s participation and a proposed *621 judgment of possession detailing the allocation of monies between Farrell and Nelson. The cover letter accompanying the documents stated that the | ^pleadings would be “filed immediately” unless Farrell had an objection. Farrell did not contact Nelson.
The succession documents were filed and signed on August 21, 1997. On August 25 and August 28,1997, Farrell was mailed his portion of the succession proceeds. He negotiated the checks. On August 28, 1997, Farrell’s attorney wrote to Nelson’s attorney, questioning the accuracy of the distribution Farrell had received. Subsequently, a meeting was held, and numerous letters were exchanged.
Over two months after that meeting, Farrell’s attorney requested the disbursement of proceeds derived from the recently completed sale of property acquired jointly by the brothers in the succession. An additional payment of equal amounts was made to each brother. That disbursement was sought in conformance with the Judgment of Possession. Other disbursements were subsequently made in conformance with the Judgment of Possession. All of the checks were negotiated.
On July 31, 1998, Farrell filed a Petition to Reopen Succession. The trial court denied his petition.

DISCUSSION

Whether or not a succession will be reopened is within the sound discretion of the trial court. Danos v. Waterford Oil Co., 225 So.2d 708, writ denied, 254 La. 856, 227 So.2d 595 (1969).
The law governing the reopening of successions is La.Code Civ. Pro., Art. 3393(B), which provides:
13After formal or informal acceptance by the heirs or legatees or rendition of a judgment of possession by a court of competent jurisdiction, if any other property is discovered, or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the succession may be opened or reopened, as the case may be, regardless of whether or not, theretofore, any succession proceedings had been filed in court...
The basic purpose of this statute is to provide a means for dealing with overlooked succession assets. Succession of Yancovich, 289 So.2d 855 (La.App. 4th Cir.1974); Katherine Shaw Spaht, Developments in the Law 1985-1986 Part I: A Faculty Symposium, 47 La.L.Rev. 471, 484 n. 47. Because this ease does not involve the discovery of property omitted from the original proceedings, the question before us is whether “any other proper cause” exists to allow reopening of the succession.
Courts have found “other proper cause” under C.C.P. 3393 to exist under extremely limited circumstances, such as where a valid will is discovered after the administration of an intestate succession. Succession of McLendon, 383 So.2d 55 (La.App. 2nd Cir.1980). Successions are not reopened to allow for collation, for assertion of forced heirship rights, or for error of law. Estate of Sylvester, 93-731, p. 5 (La.App. 3d Cir.2/2/94), 631 So.2d 614, 619.
In Succession of Lasseigne, 488 So.2d 1303 (La.App. 3d Cir.), writ denied, 494 So.2d 327 (La.1986), the heirs disputed the division of property after all heirs had accepted the succession unconditionally and consented to the judgment of possession, with one heir seeking to reopen the succession to assert his forced heirship right. The court found no proper cause to reopen the succession because “[n]o creditor was appearing to demand payment of a debt, no overlooked assets sought to be *622 recovered for distribution among the heirs had been found, and 14all of the heirs had purely, simply and unconditionally accepted this succession.” Id. at 1306.
In Succession of Villarrubia, 95-2610 (La.9/5/96), 680 So.2d 1147, the Louisiana Supreme Court discussed C.C.P. 3393 and the applicable jurisprudence in detail. A legatee, Todd Villarrubia, had agreed to accept his legacy and have his uncles put in possession of the remainder of the estate. However, the law under which he concluded that he had no further rights as a forced heir was subsequently declared unconstitutional. Todd then sought to reopen the succession to assert those forced heirship rights that had existed prior to the enactment of the unconstitutional statute. The Court rejected this attempt because the asserted “other proper cause” was simply an error of law on his part.
In re Succession of Williams, 99-245 (La.App. 5 Cir.1999), 738 So.2d 1185, also addressed this issue. The daughters of the decedent participated in the succession as petitioners, recited that their forced heirship rights had been satisfied, and filed affidavits of death and heirship representing that the decedent had left the will at issue. The court found that the allegations that the statutory will was improperly executed did not constitute “proper cause” to reopen the succession.
In the instant case, the trial court found that “Farrell Chatelain has presented no ‘proper cause’ to support his assertion that the succession of Cecile Chatelain should be reopened.” We agree. Nelson attempted to communicate with his brother many times prior to filing the Judgment of Possession. Farrell failed to respond. Farrell accepted his share of his mother’s estate based upon the Judgment of Possession. Only after the distributions ceased did he file the Petition to Reopen Succession. After reviewing the facts presented and the applicable jurisprudence, |swe find that the trial court did not abuse its discretion in refusing to reopen the succession.

CONCLUSION

Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

PLOTKIN, J., dissents with written reasons.