982 So.2d 952 (2008)
SUCCESSIONS OF Virginia Fazio GURTNER, Wife of/and Clement F. Gurtner.
No. 2007-CA-1065.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 2008.
Richard A. Tonry, Michael C. Ginart, Jr., Kim C. Jones, Cullen A. Tonry, Jeremy K. Lee, Law Office of Tonry & Ginart, Chalmette, LA, for Appellant.
Daniel R. Martiny, Martiny & Associates, LLC, Metairie, LA, for Margaret Gurtner Wooton and Thomas Anthony Gurtner.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., and Judge TERRI F. LOVE).
CHARLES R. JONES, Judge.
The Appellant, JoAnn Tierney, seeks review of the district court's grant of a Motion for Summary Judgment in favor of the Appellees, Margaret Gurtner Wooton and Thomas Anthony Gurtner. We affirm.
On September 16, 2004, Clement F. Gurtner, a widower, died intestate. Mr. Gurtner (hereinafter referred to as the "decedent") was survived by three (3) children: Ms. Tierney, Ms. Wooton and Mr. Thomas Gurtner. All three (3) heirs were *953 of the full age of majority at the time of the decedent's death.
The three (3) heirs jointly filed a petition for possession, a detailed descriptive list, affidavits of death and heirship and a judgment of possession. Included in the detailed descriptive list was an Ochsner Clinic Federal Credit Union account that was listed in the name of Clement F. Gurtner and valued at $40,000.00. The descriptive list was signed by Ms. Tierney and Ms. Wooton. The judgment of possession, which was signed on December 22, 2004, placed all the heirs in possession of the property comprising the Estate of Clement F. Gurtner, including the Ochsner account.
Thereafter, in August of 2005, Ms. Tierney filed a petition to nullify/amend the judgment of possession and to reopen succession. In her petition, she requested that the Ochsner account be excluded from the descriptive list and the judgment of possession, and that the judgment of possession be vacated or amended.
Ms. Wooton and Mr. Thomas Gurtner filed a motion for summary judgment asserting that the judgment of possession was a final judgment from which Ms. Tierney did not take an appeal. They further averred that Ms. Tierney's petition had no legal basis and that the decedent's attempts to designate Ms. Tierney as the beneficiary of the Ochsner account did not meet statutory requirements. The district court granted their motion for summary judgment. It is from this judgment that Ms. Tierney filed the instant appeal.
Ms. Tierney raises three (3) issues on appeal. First, she contends that the district court committed reversible error when it found that it was not possible to reopen the succession and amend the judgment of possession. Her second assignment of error is that the district court erred when it found that the legal requirements of La. R.S. 6:314 were not met. Lastly, Ms. Tierney alleges that the district court erred when it found that the account was not owned by her, even if the legal requirements of La. R.S. 6:314 were not met.
The standard of review of a summary judgment is de novo. Suskind v. Shervington, XXXX-XXXX (La.App. 4 Cir. 4/16/03), 846 So.2d 93. Furthermore, a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
The threshold issue that Ms. Tierney raises on appeal is that the district court committed reversible error when it ruled that it was not possible to reopen the succession and amend the judgment of possession. Ms. Tierney avers that it is unclear from the reasons for judgment given by the district court whether any ruling was made regarding whether the court determined that the succession could be reopened in the first place. The district court found that the judgment appealed from was a final judgment, but it did not provide written reasons regarding the procedural ramifications of its finding. Nevertheless, Ms. Tierney avers that pursuant to La. C.C.P art. 3393, entitled Reopening of Succession, she did not have a time limit within which she had to file her petition to reopen the succession.
La. C.C.P. art. 3393 provides:
A. After a succession representative has been discharged, if other property of the succession is discovered or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the succession be reopened. The court may reappoint the *954 succession representative or appoint another succession representative. The procedure provided by this Code for an original administration shall apply to the administration of a reopened succession in so far as applicable.
B. After formal or informal acceptance by the heirs or legatees or rendition of a judgment of possession by a court of competent jurisdiction, if other property is discovered, or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the succession be opened or reopened, as the case may be, regardless of whether or not, theretofore, any succession proceedings had been filed in court. The court may appoint or reappoint the succession representative, if any, or may appoint another, or new, succession representative. The procedure provided by this Code, for an original administration, shall apply to the administration of successions formally or informally accepted by heirs or legatees and in successions where a judgment of possession has been rendered, in so far as same is applicable.
C. The reopening of a succession shall in no way adversely affect or cause loss to any bank, savings and loan association or other person, firm or corporation, who has in good faith acted in accordance with any order or judgment of a court of competent jurisdiction in any previous succession proceedings.
The basic purpose of art. 3393 is to provide a means for dealing with overlooked succession assets. [Emphasis added.] In re Succession of Chatelain, XXXX-XXXX, p. 3 (La.App. 4 Cir. 5/16/01), 788 So.2d 620, 621 (citing Succession of Yancovich, 289 So.2d 855 (La.App. 4 Cir.1974); Katherine Shaw Spaht, Developments in the Law 1985-1986 Part I: A Faculty Symposium, 47 La.L.Rev. 471, 484, n. 47).
The instant case does not involve property that was overlooked or omitted from the judgment of possession, but quite the opposite. Ms. Tierney is requesting that her father's succession be reopened because his credit union account allegedly was erroneously included as an asset of his estate. Thus, the question we are presented with is whether any other proper cause exists to allow the reopening of the succession.
With regard to opening successions for other proper cause, in Chatelain, we reasoned as follows:
[c]ourts have found other proper cause under C.C.P. 3393 to exist under extremely limited circumstances, such as where a valid will is discovered after the administration of an intestate succession. Succession of McLendon, 383 So.2d 55 (La.App. 2nd Cir.1980). Successions are not reopened to allow for collation, for assertion of forced heirship rights, or for error of law. Estate of Sylvester, 93-731, p. 5 (La.App. 3d Cir.2/2/94), 631 So.2d 614, 619.

In Succession of Lasseigne, 488 So.2d 1303 (La.App. 3d Cir.), writ denied, 494 So.2d 327 (La.1986), the heirs disputed the division of property after all heirs had accepted the succession unconditionally and consented to the judgment of possession, with one heir seeking to reopen the succession to assert his forced heirship right. The court found no proper cause to reopen the succession because [n]o creditor was appearing to demand payment of a debt, no overlooked assets sought to be recovered for distribution among the heirs had been found, and all of the heirs had purely, simply and unconditionally accepted this succession. Id. at 1306.

*955 In Succession of Villarrubia, 95-2610 (La.9/5/96), 680 So.2d 1147, the Louisiana Supreme Court discussed C.C.P. 3393 and the applicable jurisprudence in detail. A legatee, Todd Villarrubia, had agreed to accept his legacy and have his uncles put in possession of the remainder of the estate. However, the law under which he concluded that he had no further rights as a forced heir was subsequently declared unconstitutional. Todd then sought to reopen the succession to assert those forced heirship rights that had existed prior to the enactment of the unconstitutional statute. The Court rejected this attempt because the asserted other proper cause was simply an error of law on his part.
Chatelain, 200-1267, pp. 3-4; 788 So.2d at 621-622.
Ms. Tierney likens her predicament to that faced by the heirs in Estate of Oscar Sylvester, 93-731 (La.App. 3 Cir. 2/2/94), 631 So.2d 614. In Sylvester, the decedent's two sons and five grandchildren (the children of the decedent's deceased third son) disagreed over the distribution of the decedent's assets. All of the heirs eventually entered into a settlement agreement. Id. at 616. A judgment of possession, which incorporated and referenced the terms of the compromise agreement, was rendered. Id. Pursuant to the compromise and judgment, the heirs were put into possession of their shares of the estate which consisted of cash, real estate, and stock. Id.
Subsequently, two of the heirsthe two sons  filed a petition to amend the judgment of possession wherein they sought clarification of the method of distributing the proceeds from the sale of immovable property of the estate. Id. In essence, the two sons sought to have the judgment amended because the decedent's grandchildren favored an interpretation of the agreement that would have resulted in an unequal distribution of estate assets in their favor. Id. The district court granted the petition and ordered that the agreement and judgment should be amended to comply with the intent of the parties and provide for equitable division of the estate. Id. The Third Circuit upheld this decision on appeal. Id. at 620.
We do not find that Sylvester is analogous to the instant case. The heirs in Sylvester sought to reopen a succession to clarify the terms of a settlement agreement and the judgment of the possession. Unlike Ms. Tierney, the petitioners in Sylvester were not seeking to remove an asset from a succession and thereby entirely deprive the other heirs of their interest in said asset. "Other proper cause" has not been judicially recognized to remove assets from an estate. There is no authority for allowing an heir to reopen a succession to allow the removal of an account or monies from an estate after the succession was closed and all the heirs had gone into possession of the estate. Furthermore, as discussed below, the credit union account was properly listed on both the descriptive list and the judgment of possession.
Moreover, we note that Ms. Tierney is actually requesting the nullification, not an amendment, of a portion of the judgment of possession. La. C.C.P. art. 2002, entitled Annulment for Vices of Form; Time for Action, states that a final judgment shall be annulled if it is rendered: (1)[a]gainst an incompetent person not represented as required by law; (2)[a]gainst a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken; or (3)[b]y a court which does not have jurisdiction over the subject matter of the suit. Additionally, under La. C.C.P. art. 2004, entitled *956 Annulment for Vices of Substance; Preemption of Action, "[a] final judgment obtained by fraud or ill practices may be annulled."
Ms. Tierney's petition to nullify, however, is not based on any of the above-referenced grounds. She is petitioning the court to remove an allegedly incorrectly listed asset. Said claim is not recognized as a vice of form or substance under the categories set forth under either nullity article.
In support of her petition for nullification, Ms. Tierney cites the Third Circuits reasoning in Sylvester, where the court held:
. . . in Succession of Trouard, supra, we discussed the grounds for annulment of a judgment and held that an annulment may be granted "if it is shown that the enforcement of the judgment would be unconscionable and inequitable and would deprive the litigant who seeks the annulment of legal rights to which he is entitled." . . . Considering this jurisprudence, we find that if a trial judge finds good cause for reopening a succession, or, by extension, for amending a judgment, and the correct procedure was used, then the appellate court must give due deference to the decision of the trial judge and should only reverse if manifest error is found.
Sylvester, 631 So.2d at 619.
The grounds that were discussed for annulling the judgment of possession in Succession of Trouard, 281 So.2d 863 (La. App. 3 Cir.1973), were for "ill practices" under La. C.C.P. art. 2004. As discussed above, no allegation of ill practices was made in the instant case. Additionally, we do not find that it would be "unconscionable and inequitable" to deny Ms. Tierney's petition because the decedent's credit union account was properly listed in the detailed descriptive list and the judgment of possession, as discussed below.
In failing to demonstrate that she had a judicially recognized "other proper cause," under La. C.C.P. art. 3393, or a valid petition to nullify, under La. C.C.P. arts. 2002 and 2004, Ms. Tierney cannot establish her right to reopen this succession. We find that the only procedural mechanism Ms. Tierney could have employed to preserve her claim to the credit union account was a timely filed appeal from the judgment of possession. However, she did not pursue an appeal. Therefore, we find that this assignment of error lacks merit.
The second issue that we address is Ms. Tierney's assertion that the district court erred when it found that the legal requirements of La. R.S. 6:314 were not met. La. R.S. 6:314, which the district court relied upon, pertains to trust deposits, and the death of a depositor with regard to bank accounts. La. R.S. 6:314 provides in pertinent part:
A. Upon the death of a depositor who has deposited a sum in any bank account evidencing an intention that upon the death of the depositor, the funds shall belong to such depositor's spouse, or to one or more children, grandchildren, parents, or siblings of the depositor, the bank may pay the deposit, together with the dividends or interest accruing thereto, to the person for whom the deposit was made. The depositor shall give to the depository bank an affidavit stating that all designated beneficiaries of such an account are within the required degree of kinship as provided herein, and the depository bank may rely conclusively thereon.
B. The title of such an account must include the terms "in trust for", "as trustee for", or "payable on death to", such beneficiary or beneficiaries. Such beneficiaries must be specifically named *957 in the deposit account records of the bank.
However, the account in question was an Ochsner Clinic Federal Credit Union account. Thus, the determination of Ms. Tierney's possible rights as a beneficiary should have been made pursuant to a different, but substantively similar statute, La. R.S. 6:653.1, which states:
A. Upon the death of a member who has deposited a sum in any federal or state credit union account evidencing an intention that upon the death of the member, the funds shall belong to such member's spouse, or to one or more children or grandchildren, parents, or siblings of the member, the federal or state credit union may pay the share account, together with the dividends or interest accruing thereto, to the person for whom the deposit was made. The member shall, at the time such share account is established, give to the federal or state credit union an affidavit stating that all designated beneficiaries of such a share account are within the required degree of kinship as provided herein, and the federal or state credit union may rely conclusively thereon.
B. The title of such a share account must include the terms "in trust for", "as trustee for", or "payable on death to", such beneficiary or beneficiaries. Such beneficiaries must be specifically named in the share account records of the federal or state credit union.
The decedent executed his application for membership with the Ochsner Clinic Federal Credit Union in August of 1998. He and Ms. Tierney signed a Joint Share Account Agreement. Additionally, the decedent listed Ms. Tierney as the sole beneficiary of the account in a document entitled "Designation of Beneficiary for Shares." Ms. Tierney was listed as the sole beneficiary on all certificates of deposit the decedent held with the credit union. Furthermore, all statement of accounts were mailed to the decedent's address and were addressed to him and Ms. Tierney.
Yet, just as the district court observed when applying La. R.S. 6:314, the statutory requirements of La. R.S. 6:653.1(A) were not met. The decedent did not submit an affidavit to the credit union declaring that Ms. Tierneythe stated beneficiary of the accountwas his daughter, and therefore, was within the mandatory degree of kinship to be recognized as a beneficiary. Albeit the decedent recognized her as his daughter on other credit union documents, he did not submit the mandatory affidavit. Therefore, we do not find that the district court erred in determining that the statutory requirements were not met. This assignment of error is without merit.
Considering that Ms. Tierney did not timely file an appeal, and that the credit union account was properly listed as an asset of the estate, we pretermit discussion of the remaining assignment of error.

DECREE
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.