DREW, J.
pNotwithstanding the multiple volumes in this appeal, the sole issue before this court is whether the trial court abused its *26 discretion in denying Hurie Jones’ Motion to Reopen the Succession of John Jones, Sr. (date of death: August 19, 2006).
This record is filled with myriad complaints and issues asserted by the appellant. We can discern no manifest error in the trial court’s decision. The ruling below is certainly not clearly wrong.
Accordingly, we affirm the trial court’s refusal to reopen the succession and order this action be dismissed with prejudice, at the cost of Hurie Jones and the Joe Jones Memorial Foundation, Inc.
PROCEDURAL BACKGROUND
John Jones, Sr. (Jones), died on August 19, 2006. According to the affidavit of death and heirship, Jones was married only once. His wife was Mary Fuller Jones.[1] The couple had nine children: Eddie Faye Jones Oliver, Melvin Jones, John Jones, Jr., Wilier M. Patton, Willie L. Jones, Carrie M. Marshall, Leo Jones, Hu-rie Jones, and Richard Jones. Jones had no other children nor did he ever adopt any others; also, he was predeceased by his parents.
On April 3, 2008, a judgment declared: (1) that the last will and testament of John Jones, Sr. (September 7, 1995), was null and void for lack of form, and (2) that John Jones, Sr., died intestate.
In Succession of John Jones, Sr., 43,365 & 43,366 (La.App.2d Cir.8/7/08), 986 So.2d 809, writ denied, 2008-2023 (La.12/12/08), 996 So.2d 1117, Melvin Jones appealed a trial court judgment which declared invalid a 2003 inter vivos donation of 11 acres to him from Jones, his father. The sole issue in that appeal was the action filed by another son (and Melvin’s brother), Hurie Jones, to annul the donation inter vivos of the 11 acres made by John Jones, Sr., to Melvin Jones.
In our opinion, this court explained that:
An appellate court may not set aside a trial court’s finding of fact absent manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). The limited issue presented here is whether the trial court erred when finding that the Donation Deed was null and void. Melvin contends that the donation was valid. A donation inter vivos is an act by which the donor divests himself, at present and irrevocably, of the thing given, in favor of the donee who accepts it. La. C.C. art. 1468. The burden of proving the donation is on the donee, and the proof must be strong and convincing. Butler v. Reddick, 431 So.2d 396 (La.1983); Succession of Woolfolk, 225 La. 1, 71 So.2d 861 (1954). A donation inter vivos of corporeal or incorporeal things is null unless done in the form of an authentic act. La. C.C. art. 1536.
Louisiana Civ.Code art. 1540 states, in pertinent part:
A donation inter vivos shall be binding on the donor, and shall produce effect only from the day of its being accepted in precise terms.
The Louisiana Supreme Court has explained that:
[T]he requirement that a donee accept the donation in “precise terms” obligates a donee to use express, formal, and unconditional language in his acceptance. This codal provision, we think, requires an explicit acceptance. A tacit acceptance or an acceptance inferred from the circumstances will not suffice. Rutherford v. Rutherford, 346 So.2d 669, 671 (La.1977)
*27 Hurie Jones prevailed in that action. This court found[2] that the Donation Deed failed because of a lack of acceptance. Although Melvin Jones signed the document at issue, this court held that a mere signature was | snot enough to perfect the donation. Although there are no ritual words required, there must be some explicit language to signify acceptance. A signature alone could not be construed as an acceptance and could not be inferred from the circumstances. This court ordered the donated property returned to the active mass of the succession.
On May 26, 2009, eight of the nine children of Jones filed a petition seeking to be placed into possession of his estate. On September 24, 2009, the trial court signed the judgment of possession placing all nine heirs in possession of the estate. No appeal was taken by anyone.
Over a year later, on September 28, 2010, Hurie Jones and an entity styled the Joe Jones Memorial Foundation, Inc., filed a “Petition to Reopen and Amend the Succession of John Jones, Sr. for Declaratory Judgment and Accounting.” Named defendants were Eddie Fay Jones, Leo Jones, and Melvin Jones, siblings of Hurie Jones. Among Hurie Jones’ allegations in his motion were that Eddie Fay Jones, administratrix of the succession, filed a substantially incomplete judgment of possession which excluded assets, lands, mineral royalty rights, the correct amounts in bank accounts belonging the estate of John Jones, Sr., and continued to pursue fraudulent claims against the Succession of Joe Jones, father of John Jones, Sr., who was alive on March 12, 2002, when an undivided 1/4 interest in land and mineral royalties of Joe Jones was fraudulently transferred to Eddie Fay Jones.
Hurie Jones further based his motion to reopen on his contentions that:
|41. Eddie Fay Jones, as administratrix, never submitted a status report and accounting on the John Jones, Sr., bank accounts;
2. the administratrix filed false claims against the succession which amounted to theft and fraudulent conversion;
3. the administratrix allegedly withdrew large sums from succession accounts;
4. even though Hurie Jones allegedly made many requests, the administra-trix failed to provide a formal accounting of the assets of their father’s estate;
5. while disputing the validity of alleged improvements to the property by the administratrix and Melvin Jones, Hu-rie Jones sought to be reimbursed for improvements he made to their father’s property, including an electrically powered security gate; and
6. movant also wanted left open for future determination the amount of his attorney’s fees.
At a hearing on March 17, 2011, the Motion to Reopen the Succession was denied. In open court, the trial court found that:
• this attack on previous donations was identical to those litigated previously in the Succession of John Jones, Sr.;
• Hurie Jones had known about the property for many years; and
• the donation deed could not be considered because it was not before the court in a proper procedural manner.
On April 18, 2011, the trial court signed the judgment rejecting Hurie Jones’ petition to reopen the succession of John Jones, Sr. Hurie Jones, in proper person, *28 and representing the Joe Jones Memorial Foundation, Inc., appealed.
LAW
La. C.C.P. art. 3393. Reopening of succession
A. After a succession representative has been discharged, if other property of the succession is discovered or for any other proper cause, upon the petition of any interested person, | sthe court, without notice or upon such notice as it may direct, may order that the succession be reopened. The court may reappoint the succession representative or appoint another succession representative. The procedure provided by this Code for an original administration shall apply to the administration of a reopened succession in so far as applicable.
B. After formal or informal acceptance by the heirs or legatees or rendition of a judgment of possession by a court of competent jurisdiction, if other property is discovered, or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the succession be opened or reopened, as the case may be, regardless of whether or not, theretofore, any succession proceedings had been filed in court. The court may appoint or reappoint the succession representative, if any, or may appoint another, or new, succession representative. The procedure provided by this Code, for an original administration, shall apply to the administration of successions formally or informally accepted by heirs or legatees and in successions where a judgment of possession has been rendered, in so far as same is applicable.
C. The reopening of a succession shall in no way adversely affect or cause loss to any bank, savings and loan association or other person, firm or corporation, who has in good faith acted in accordance with any order or judgment of a court of competent jurisdiction in any previous succession proceedings.
The foregoing article governing reopening of a succession provides a means for dealing with “overlooked” succession assets. See In re Successions of Gurtner, 07-1065 (La.App. 4th Cir.4/9/08), 982 So.2d 952. The Gurtner opinion cited In re Succession of Chatelain, 2000-1267 (La.App. 4th Cir.5/16/01), 788 So.2d 620, writ denied, 2001-1790 (La.10/5/01),798 So.2d 972, and observed “other proper cause” in La. C.C.P. art. 3393 exists only under extremely limited circumstances. An example of proper cause was found where a valid will was discovered after the administration of an intestate succession. Succession of McLendon, 383 So.2d 55 (La.App. 2d Cir.1980). Successions were not reopened to allow for collation, for assertion of forced heirship rights, or for error of law. Estate of Sylvester, 93-731 (La.App. 3d Cir.2/2/94), 631 So.2d 614. The decision of whether or not to reopen a succession is within the sound discretion of the trial court. Chatelain, supra.
DISCUSSION
In the present appeal, Hurie Jones represents himself with a litany of confusing complaints. Hurie Jones states that issues include whether:
• The trial court’s denial of his Petition to Reopen and Amend the Judgment of Possession was a gross abuse of discretion and authority;
• The trial court erroneously refused to reopen and correct the Judgment of Possession signed by Judge Craig on September 28, 2009, based on a will asserted to have been declared null and void;
• Heirs should keep or pay back to the succession land, mineral royalty rights, interest and cash to be shared by all the heirs of the succession;
*29 • The trial court erred and abused its authority in refusing to implement the 2007 judgment signed by Judge Dewey E. Burchett, which left open questions of attorneys’ fees and administrator’s fees; and
• The trial court was arbitrary, capricious and biased in failing to reimburse plaintiffs for property improvements prior to John Jones, Sr.’s death and for a $500 report from the DNR (Dept, of Natural Resources).
Since no one timely appealed the judgment which placed the nine heirs[3] in possession of the estate of John Jones, Sr., that matter is now final.
The trial court found that the property about which Hurie Jones belatedly complained was known to him in this tediously and endlessly litigated family dispute. Any complaints about the actions of the administratrix, the distribution of the assets, and the payment of expenses |7couId have been addressed in a timely appeal, which did not occur. Hurie Jones made no showing that the extremely limited circumstances that justify reopening a succession for “other proper circumstances” exist in this matter.
Nothing in this perplexing record leads us to conclude that the trial court abused its discretion or was clearly wrong in refusing to reopen the succession.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed at the cost of Hurie Jones and the Joe Jones Memorial Foundation, Inc. The matter is dismissed with prejudice.
AFFIRMED.

. The couple divorced in 1962.

. Chief Judge Brown dissented.

. Again, Hurie Jones, plaintiff-appellant here- in, is one of the nine heirs.