IN RE: SUCCESSION OF
KEITH THOMAS ROUSSELLE

NO. 20-CA-270

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 11,979, DIVISION "C"
HONORABLE CONNIE M. AUCOIN, JUDGE PRESIDING


December 23, 2020


**SUSAN M. CHEHARDY**
**CHIEF JUDGE**


Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and John J. Molaison, Jr.


**AFFIRMED**
    **SMC**
    **JJM**


**DISSENTS, IN PART, AND CONCURS, IN PART, WITH REASONS**
    **MEJ**

COUNSEL FOR PLAINTIFF/APPELLANT,
THEOPHILE ROUSSELLE
David S. Moyer

COUNSEL FOR DEFENDANT/APPELLEE,
NANCY KAY ROUSSELLE
Jacqueline F. Maloney

**CHEHARDY, C.J.**

Appellant, Theophile Rousselle ("Mr. Rousselle"), filed a petition to nullify a judgment of possession and reopen succession proceedings instigated after the death of his son, Keith Thomas Rousselle ("Keith"). Keith's Last Will and Testament bequeathed all of his property to Keith's wife of three years, Nancy Kay Rousselle ("Nancy"). The bequest included certain immovable property in St. Helena Parish that Keith owned with other members of the Rousselle family. After hearing evidence related to the execution of Keith's will, Keith's testamentary capacity, and events that occurred after Keith's passing, the trial court dismissed with prejudice Mr. Rousselle's petition to reopen the succession. We affirm.

## FACTS

Nancy Kay Rousselle married Keith Thomas Rousselle on June 29, 2013. In December 2014, Keith was diagnosed with a brain tumor that required immediate surgery. The surgery appeared successful but Keith's tumor returned, and he had a second surgery in December 2015. On March 4, 2016, Keith executed a statutory will before his Attorney/Notary and two witnesses. Keith's last will and testament bequeathed all of his property to Nancy and named his brother, Rene Rousselle ("Rene"), executor of the will.

Keith passed away on September 30, 2016. Testimony at trial established that Rene became aware of the 2016 will within a month of Keith's death, but Rene never administered Keith's estate. Accordingly, on May 15, 2017, Nancy filed a Petition for Probate and Statutory Testament and for Possession without Administration. The petition included a copy of Keith's death certificate, an affidavit of death and heirship, and a detailed descriptive list delineating all of Keith's immovable and movable property and debts.

The trial court ordered that Keith's will be recorded in the Office of the Clerk for the Parish of St. Charles, and on May 16, 2017, the court entered a

judgment of possession, recognizing Nancy as Keith's surviving spouse entitled to ownership and possession of all right, title, and interest of which Keith died possessed. No one appealed the May 16, 2017 judgment of possession.

On September 29, 2017, past the time for taking a devolutive appeal, Mr. Rousselle filed a Petition to Reopen Succession and for Nullity of Judgment of Possession, which is the subject of the present appeal. Mr. Rousselle alleges that the 2002 Act of Cash Sale in which he sold his interest in the St. Helena Parish property to his children was actually a simulated sale. He also contends the land was intended to be Keith's separate property. Mr. Rousselle further alleged that Keith executed the March 4, 2016 testament without testamentary capacity (due to his illness) and/or under duress. Finally, he alleged that Keith had executed an earlier will that bequeathed his property to his godchildren.

Nancy answered the petition and filed a motion for summary judgment or, in the alternative, motion to dismiss for failure to timely file an appeal. Nancy's answer to the petition and her motion for summary judgment explained that Mr. Rousselle had tried to negotiate a price for Nancy's inherited portion of the St. Helena property even before she obtained a judgment of possession, but they could not agree on a price.

On February 21, 2018, two days before the scheduled hearing on Nancy's motions, Mr. Rousselle filed an unopposed motion to dismiss without prejudice, representing that the parties had reached an agreement. The trial court therefore signed an Order dismissing the matter without prejudice and memorializing the parties' agreement to have the land appraised by a mutually agreed upon appraiser. Moreover, per the parties' agreement, Mr. Rousselle would pay Nancy the appraised value of her portion of the property plus $5,000 in attorney fees; if the appraisal and land sale did not occur within 90 days of the date of the Order, Mr.

Rousselle could re-file his petition to reopen the succession and for nullity of the judgment of possession.[1]

The parties hired an appraiser but Mr. Rousselle was unhappy with the appraised value and did not purchase Nancy's undivided portion of the shared immovable property. On July 10, 2018, Mr. Rousselle refiled his petition to reopen succession and nullity of judgment of possession, asserting the same allegations previously asserted.

Nancy filed an exception of *res judicata,* motion to enforce settlement agreement, or, in the alternative, motion to reset her previous motion for summary judgment and motion to dismiss. In October 15, 2018 Reasons for Judgment, the trial court denied the motion to enforce the settlement agreement due to mutual error of the parties. Because the settlement agreement was invalid, the trial court also overruled the exception of *res judicata* and held that any relief sought in Mr. Rousselle's Petition to Reopen Succession and Nullity of Judgment would be continued without date.

Nancy's motion for summary judgment and alternative motion to dismiss were subsequently reset for hearing. On January 15, 2020, after a preliminary conference with the court, Nancy dismissed her motion for summary judgment but proceeded with her motion to dismiss. The court heard testimony from Mr. Rousselle, from Keith's brothers, from the attorney who drafted and notarized Keith's 2016 will, and from Nancy.

After taking the matter under advisement and considering the parties' post-hearing briefs, the trial court denied with prejudice Mr. Rousselle's petition to reopen succession.[2] In detailed Reasons for Judgment, the trial court found that Mr.

---

[1] The parties later mutually agreed to extend this date for an additional 30 days.
[2] The "Judgment and Order" states: "It is ORDERED, ADJUDGED AND DECREED that the petition to reopen the succession of Decedent Keith Rousselle by the Plaintiff Theophile Rousselle is hereby denied with prejudice for failure to appeal within the statutory time limitations."

Rousselle knew about the 2016 will and its universal bequest to Nancy, because Mr. Rousselle had negotiated with Nancy to purchase the property both before and after Nancy obtained the May 16, 2017 judgment of possession:

> [T]he pleadings in the record and the testimony adduced on January 15, 2020 clearly reflect the Defendant and Plaintiff were engaged in dispute immediately subsequent to the Decedent's unfortunate passing and prior to the execution of the judgment of possession. La. C.C. art 1853 defines a judicial confession as a declaration made by a party in a judicial proceeding and constitutes full proof against the party who made it. … The Plaintiff's attempt to negotiate sale of the contested property from the Defendant, as admitted in his petitions, before and after the execution of the judgment, clearly illustrate the Plaintiff was noticed of the controversy at hand. Furthermore, the Decedent's brothers Kevin and Rene Rousselle, and therefore by implication the Plaintiff, were aware of the Decedent's donation via the contested instrument as early as October of 2016 per the January 15, 2020 testimony. The record in its entirety illustrates that the Plaintiff had not been deprived of his legal rights to assert his interests and therefore the Plaintiff had the obligation to appeal the judgment of possession rendered on May 16, 2017, which he failed to do.
>
> ***
>
> … Plaintiff overlooks the distinction between bringing an action to nullify a contract versus the time limitations imposed upon appealing a final judgment under La. C.C.P. art. 3393 when the record clearly illustrates all contested issues were known to the parties prior to the execution of that judgment. More importantly, the Plaintiff has asserted no authority factually or legally that an alleged simulation is an act of vice or fraud permitting one (1) year from the discovery of such fraud to seek action pursuant to La. C.C.P. art. 2004.

In short, the trial court found Mr. Rousselle had no procedural right to reopen the succession after the delay for appealing the May 16, 2017 judgment of possession had lapsed. Mr. Rousselle now appeals.

## DISCUSSION

Mr. Rousselle contends the trial court erred in dismissing his petition to reopen the succession and to nullify the judgment for two reasons: (1) it wrongly

applied La. C.C.P. art. 2087, which delineates the time for taking a devolutive appeal; and (2) it wrongly applied La. C.C.P. art. 3393, which governs the reopening of a succession. Mr. Rousselle further argues on procedural grounds that La. C.C.P. art. 2004 permits nullification of a judgment obtained through fraud or ill practices if suit is filed within one year of plaintiff's discovery of the alleged fraud or ill practices.

The decision whether to reopen a succession is within the sound discretion of the trial court. *Succession of Williams*, 99-245 (La. App. 5 Cir. 7/27/99), 738 So.2d 1185, 1187, *writ denied*, 99-2568 (La. 11/19/99), 749 So.2d 679; *In re Succession of Jones*, 46,904 (La. App. 2 Cir. 1/25/12), 86 So.3d 25, 28, *writ not considered*, 12-0485 (La. 4/13/12), 85 So.3d 1234. Likewise, reviewing courts typically defer to a trial court's discretion in determining whether a judgment should be annulled because of fraud or ill practices. *Ezzell v. Miranne*, 15-471 (La. App. 5 Cir. 1/27/16), 185 So.3d 171, 175.

Louisiana Code of Civil Procedure Article 3393 B provides in part:

> After formal or informal acceptance by the heirs or legatees or rendition of judgment of possession by a court of competent jurisdiction, if other property is discovered, or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the succession be opened or reopened[.]

Reopening a succession under Article 3393 occurs when succession assets have been previously overlooked, or for "'other proper cause' [that] exists only under extremely limited circumstances." *Succession of Jones*, 86 So.3d at 28. The *Jones* court further stated:

> [P]roper cause was found when a valid will was discovered after the administration of an intestate succession. *Succession of McLendon*, 383 So.2d 55 (La. App. 2d Cir. 1980). Successions were not reopened to allow for collation, for assertion of forced heirship rights, or for error of law. *Estate of Sylvester*, 93-731 (La. App. 3d Cir. 2/2/94), 631 So.2d 614.

*Jones*, 86 So.3d at 28. The trial court in *Jones* determined that the plaintiff had known about the property at issue and that any complaints about the administration of decedent's estate "could have been addressed in a timely appeal, which did not occur," and the plaintiff failed to show that any circumstances justifying the reopening of a succession under La. C.C.P. art. 3393 had been met.

Similarly, in *Succession of Gurtner*, 07-1065 (La. App. 4 Cir. 4/9/08), 982 So.2d 952, plaintiff attempted to reopen her father's succession arguing that a deposit account she shared with him was erroneously included as an asset in his estate. The court of appeal held that "'other proper cause' has not been judicially recognized to remove assets from an estate" and that the plaintiff was "actually requesting the nullification … of a portion of the judgment of possession." *Id*. at 955. The court of appeal affirmed the trial court's refusal to reopen the succession under La. C.C.P. art. 3393 and found that the plaintiff had failed to prove nullification was warranted under La. C.C.P. art. 2002 or 2004. *Id*. at 956. "We find that the only procedural mechanism Ms. Tierney could have employed to preserve her claim to the credit union account was a timely filed appeal from the judgment of possession. However, she did not pursue an appeal." *Id*.

As in *Jones* and *Gurtner*, Mr. Rousselle's remedy was limited to appealing the judgment of possession, and we find no basis for disturbing the trial court's ruling. Mr. Rousselle has cited no jurisprudence to support his argument that a succession may be reopened under La. C.C.P. art. 3393 when a non-legatee questions a bequest, and we decline to extend Article 3393 to these facts.

Mr. Rousselle further argues, however, that he should not have been held to the delays for filing a devolutive appeal (of the judgment of possession) under La. C.C.P. art. 2087 because he did not receive notice. He relies on *In re Succession of Crumbley*. 06-402 (La. App. 3 Cir. 9/27/06), 940 So.2d 748, a case in which the

court of appeal agreed that a judgment of possession was obtained through fraud or ill practices and affirmed its nullification under La. C.C.P. art. 2004.

In *Crumbley*, the decedent died testate, leaving all her property in equal shares to her three children and naming one child as executor. Decedent's husband claimed he received no notice when the executor filed a detailed descriptive list that purportedly included some of the husband's separate property, nor was he given notice before the filing of the petition for possession and for homologation of the first and final tableau of distribution, as required by La. Code Civ. P. art. 3306. The court of appeal held the husband was deprived of his legal rights and found that enforcing the judgment of possession would be unconscionable and inequitable. 940 So.2d at 751-52.

In contrast to *Crumbley*, Mr. Rousselle has not demonstrated how he was deprived of any legal rights or personal property belonging to him. Although Mr. Rousselle alleged that the 2002 Act of Sale in which he sold his interest in the family property to his children was a "simulated sale," the trial court's Reasons for Judgment explain that Mr. Rousselle "provided no relevant legal authority that a simulation sale is a 'proper cause' pursuant to La. C.C.P. art. 3393 to reopen a succession against a third party already put into possession of clearly recognized property."

Moreover, Mr. Rousselle fails to explain why he was entitled to formal notice of the judgment of possession when his own pleadings indicate that he knew Keith had bequeathed *Keith's* partial interest in the family property to his wife. The record supports the trial court's factual determination that Mr. Rousselle had actual notice of the bequest both before Nancy probated Keith's will in May 2017 and after the trial court issued the judgment of possession, and Mr. Rousselle never disputes this finding. We fail to see why Mr. Rousselle would attempt to negotiate a purchase from his daughter-in-law before the property was probated if Mr.

Rousselle instead could have argued that the 2002 sale to his children was invalid and thus the property should be excluded from Keith's estate. Additionally, the "simulated sale" allegation contradicts Mr. Rousselle's separate contentions in his pleadings that Keith left his property to his godchildren in an earlier will,[3] and that Nancy "had personal knowledge" that the property "was bestowed as Separate Property by Act of Cash Sale" to Mr. Rousselle's children. In short, there is no supportable allegation that *Mr. Rousselle's interest* was diminished by the judgment of possession nor any legal requirement that Mr. Rousselle be given formal notice.

## CONCLUSION

Mr. Rousselle's remedy was to appeal the judgment of possession, which he failed to do. We therefore affirm the trial court's judgment dismissing with prejudice Mr. Rousselle's petition to reopen the succession.

**<u>AFFIRMED</u>**

---

[3] Although he alleged that an earlier will existed, Mr. Rousselle produced no substantive evidence to substantiate this allegation. In any event, Keith's March 4, 2016 last will and testament revoked any prior wills.

IN RE: SUCCESSION OF KEITH
THOMAS ROUSSELLE

NO. 20-CA-270

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**JOHNSON, J., DISSENTS, IN PART, AND CONCURS, IN PART, WITH REASONS**

I, respectfully, dissent from the majority opinion in its finding that the trial court did not legally err in its determination that Appellant/Plaintiff, Theophile Rousselle, had no procedural right to reopen Keith Thomas Rousselle's succession after the delay for appealing the May 16, 2017 judgment of possession had lapsed.

Theophile, the decedent's father, alleges that the trial court erred in applying La. C.C.P. art. 2087 and finding that his rights to contest the March 16, 2017 judgment of possession had lapsed upon the expiration of the appeal delays. He argues that the allegations of Keith's testamentary capacity and the allegations of fraudulent inducement of Keith to execute the March 4, 2016 last will and testament are sufficient to constitute fraud and ill practice, which satisfies the requirements of La. C.C.P. art. 2004 and justifies nullification of the March 16, 2017 judgment. I agree with Theophile's argument.

The trial court in this matter found that Theophile could not legally contest the May 16, 2017 judgment of possession and dismissed his claims with prejudice. The trial court held that Theophile's attempts to negotiate a sale of contested property with Keith's surviving spouse, Nancy Rousselle, before and after the execution of the May 16th judgment clearly illustrated that Theophile had notice of the instant controversy, and he had not been deprived of his legal

rights to assert his interests. Thus, the trial court concluded that Theophile had the obligation to appeal the May 16th judgment of possession and failed to do so.

After review, I find that the trial court legally erred in its application of La. C.C.P. art. 2087 to Theophile's petition. I stress that it needs to be clear that procedurally, even though a party may have knowledge of a judgment, it does not mean that the same party is precluded from raising a fraud or ill practice claim regarding the means of how that judgment was secured. La. C.C.P. art. 2004 allows for the annulment of a final judgment within one year of the discovery of the fraud or ill practice. As a result, that party need not raise his/her fraud or ill practice claim solely through an appeal.

In his "Petition to Reopen Succession and Nullity of Judgment of Possession," Theophile alleged that the May 16, 2017 judgment should have been declared null and void because the May 4, 2016 will upon which it was based was invalid. Theophile alleged that, at the time of executing the testament, Keith lacked the capacity to generally comprehend the nature and consequences of the dispositions, and Keith was unduly influenced into drafting the will. Theophile clearly raised fraud and ill practice claims in his petition for nullity; thus, he was not restricted solely to the filing of an appeal. Additionally, a judgment of possession having been rendered on incorrect allegations and affidavits could be a "proper cause" for nullifying a judgment of possession pursuant to La. C.C.P. art. 3393. *See*, *Succession of McLendon*, 383 So.2d 55, 59 (La. App. 2d Cir. 1980).

However, even though I find that the trial court legally erred in its analysis, I concur with the majority disposition that the trial court's dismissal of Theophile's petition should be affirmed. The evidence presented at the hearing on Nancy's motion to dismiss proved that Keith had the testamentary capacity to execute the March 4, 2016 will at issue; and thus, there was no fraudulent

inducement of Keith to execute that will. Consequently, the evidence presented also proved that there was no fraud or ill practice in obtaining the May 2017 judgment of possession based upon the March 4th will.

Therefore, for the foregoing reasons, I find that the trial court legally erred in its reasons for granting Nancy's motion to dismiss Theophile's petition for nullity. However, after a *de novo* review of the evidence presented during the evidentiary hearing for Nancy's motion to dismiss, I would affirm the dismissal of Theophile's petition.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 23, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-CA-270

**E-NOTIFIED**
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CONNIE M. AUCOIN (DISTRICT JUDGE)
DAVID S. MOYER (APPELLANT)          JACQUELINE F. MALONEY (APPELLEE)

**MAILED**
MACY LAUREN LEDET (APPELLANT)
ATTORNEY AT LAW
13551 RIVER ROAD
LULING, LA 70070